JUDGE CASTEL

594-07MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
MERIDIAN BULK CARRIERS, LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

07 CV 10516

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MERIDIAN BULK CARRIERS, LTD.,

               Plaintiff,

      -against-

JOINT STOCK COMPANY BELARUSSIAN
SHIPPING CO. a/k/a BELARUSSIAN
SHIPPING CO.

               Defendant.
------------------------------------------------------------------x

07 Civ _____ (____)

**VERIFIED COMPLAINT**

     Plaintiff, MERIDIAN BULK CARRIERS, LTD. (hereinafter "MERIDIAN") for its Verified Complaint against Defendant JOINT STOCK COMPANY BELARUSSIAN SHIPPING CO. a/k/a BELARUSSIAN SHIPPING CO. (hereinafter "BELARUSSIAN") alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*.

NYDOCS1/294215.1

2. At all times material hereto, Plaintiff MERIDIAN was and still is a foreign business entity under the laws of the Marshall Islands with an address c/o Sono Shipping LLC at 919 Congress Avenue, Suite 620, Austin, Texas 78701.

3. At all times relevant hereto, Defendant BELARUSSIAN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in Minsk, Belarus.

4. On or about March 23, 2007, Plaintiff MERIDIAN, as disponent[1] owner of the M/V SWIFT, entered into a maritime contract of charter party with Defendant BELARUSSIAN, as charterer.

5. Hire was payable by Defendant BELARUSSIAN at a rate of $24,000 per day pro rata under the charter.

6. Plaintiff MERIDIAN duly tendered the vessel into the service of BELARUSSIAN and fully performed its obligations as required under the charter.

7. At the conclusion of the charter period, Plaintiff HBC submitted a final hire statement to BELARUSSIAN showing a balance due in Plaintiff's favor in the amount of $230,983.83.

8. In breach of the terms of the charter party, and despite due demand BELARUSSIAN has refused and/or otherwise failed to pay the amounts due and outstanding under the charter party, and the entire amount of $230,983.83 remains due and owing.

9. The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and MERIDIAN specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has been commenced.

---

[1] MERIDIAN was not the actual owner of the vessel, but instead had chartered it from another entity.

29. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for MERIDIAN's claims made or to be made in arbitration in London, England under English law, as agreed by the parties.

30. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

31. Plaintiff MERIDIAN estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London arbitration will be $100,000. Interest anticipated to be awarded is estimated to be $39,650.54 (calculated at the rate of 8% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in London).

32. In all, the claim for which Plaintiff MERIDIAN sues in this action, as near as presently may be estimated, totals **$370,634.37**, no part of which has been paid by Defendant BELARUSSIAN. Plaintiff MERIDIAN specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure MERIDIAN.

**Request for Rule B Relief**

10. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant JOINT STOCK

COMPANY BELARUSSIAN SHIPPING CO. a/k/a BELARUSSIAN SHIPPING CO. (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

11. The total amount sought to be attached pursuant to the above is **$370,634.37**.

WHEREFORE, Plaintiff MERIDIAN BULK CARRIERS, LTD. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$370,634.37** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant JOINT STOCK COMPANY BELARUSSIAN SHIPPING CO. a/k/a BELARUSSIAN SHIPPING CO., including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and

enforcement of any award entered against the Defendant in the London proceedings; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
November 21, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
MERIDIAN BULK CARRIERS, LTD.

By: _____
Michael E. Unger (MU-0045)
80 Pine Street
New York, NY 10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am an associate with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
21st day of November 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 0C

NYDOCS1/294215.1                    6