UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MERIDIAN BULK CARRIERS, LTD.,

                Plaintiff,

    -against-

JOINT STOCK COMPANY BELARUSSIAN
SHIPPING CO. a/k/a BELARUSSIAN SHIPPING
CO., TRASER ALLIANCE LTD., MALTO
LIMITED; FORSBERG AND CO. LLP,
RIMEX LIMITED, DEKKER LIMITED,
C/GT GROUP LIMITED,
LAKE PARK EXPERTS LIMITED,
PRIMETRANS UNIVERSAL INC., and
EURASIA SHIPPING & PORTS,

                Defendants.

07 Civ. 10516 (KPC)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/08

---

    Before the Court is plaintiff's application for a second amended ex parte order for process of maritime attachment. On November 21, 2007, the Court issued an order of maritime attachment in the amount of $370,634.37 authorizing the restraint of the assets of defendant Joint Stock Company Belarussian Shipping Co. ("Belarussian Shipping"). On June 25, 2008, the Court issued an amended order of maritime attachment against the assets of Belarussian Shipping in the amount of $171,406.95. On the basis of an amended verified complaint dated July 28, 2008, plaintiff now seeks an order of maritime attachment against the additional defendants named in the caption above. The amended complaint alleges that the additional defendants are paying agents of Belarussian Shipping, (Am. Compl. ¶ 18), or, that all defendants are affiliated companies (*Id.* ¶ 19),

or, that the additional defendants are aliases of Belarussian Shipping, (*Id.* ¶ 20), or, that the additional defendants are the undisclosed principals of their agent Belarussian Shipping (*Id.* ¶ 21).

Although plaintiff does not use the term, the Court interprets the Amended Complaint as alleging essentially that the additional defendants are alter egos of defendant Belarussian Shipping.[1] The only arguably non-conclusory allegation to support alter ego liability is that the additional defendants have made payments on Belarussian Shipping's behalf despite not being obligated to Belarussian Shipping's creditors. (*Id.* ¶ 18); *cf. Brave Bulk Transp. v. Spot on Shipping Ltd.*, No. 07 Civ. 4546 (CM), 2007 U.S. Dist. LEXIS 81137, at *16 (S.D.N.Y. Oct. 30, 2007) (holding that conclusory allegations of alter ego liability were insufficient to support an attachment under Rule B). However, "the sole allegation that an entity is a 'paying agent, or arranges for other non-parties to satisfy the debts and obligations of' another entity, does not suffice to allege a prima facie claim of alter ego liability." *Tide Line, Inc. v. Eastrade Commodities, Inc.*, No. 06 Civ. 1979 (KMW), 2006 U.S. Dist. LEXIS 95870, at *42 (S.D.N.Y. 2006). Therefore, the Court denies plaintiff's application for an amended

---

[1] In claiming that the additional defendants are paying agents or affiliates of Belarussian Shipping, the Amended Complaint states only that the additional defendants, "are now, or will soon be, holding assets belonging to Belarussian [Shipping]." (*Id.* ¶¶ 18–19.) Plaintiff suggests no theory of liability, and the Court is aware of none, by which a formally independent company may be liable for the debts of another simply because it is holding or has held some assets belonging to that other company. Thus, to the extent that plaintiff believes merely that Belarussian Shipping may have an interest in some assets transferred in the names of the additional defendants, the Court finds, that at least on this record, the additional defendants may not properly be named as defendants. As the additional defendants have been named as defendants, the Court interprets the Amended Complaint to allege that they are alter egos of Belarussian Shipping. While it is possible that the additional defendants could be, in the alternative, "undisclosed principals" of Belarussian Shipping without also being its alter egos, *see, e.g., Maritime Ventures Int'l, Inc. v. Caribbean Trading & Fidelity, Ltd.*, 689 F. Supp. 1340, 1343 (S.D.N.Y. 1988), a conclusory allegation of a legal relationship without any specific factual allegations is insufficient to support an attachment whether the relationship be one of undisclosed principals or of alter egos, *see* Supplemental Rule E(2)(a).

order of maritime attachment without prejudice to a renewed application based upon a further amended complaint.

SO ORDERED.

Dated: New York, New York
       July 30, 2008

_____
Richard J. Holwell
United States District Judge
(PART I)